Matter of Reljic v Tullett Prebon Fin. Servs., LLC (2019 NY Slip Op 01182)





Matter of Reljic v Tullett Prebon Fin. Servs., LLC


2019 NY Slip Op 01182


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8436 650092/17

[*1]In re Suncica Reljic, et al., Petitioners-Appellants,
v
Tullett Prebon Financial Services, LLC, Respondent-Respondent.
In re Tullett Prebon Americas Corp., et al., Counterclaim Petitioners-Respondents,
v
Suncica Reljic, et al., Counterclaim Respondents-Appellants.


Winston & Strawn LLP, New York (Thomas P. Lane of counsel), for appellants.
Sheppard, Mullin, Richter & Hampton LLP, New York (John E. Kiley of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 11, 2017, which denied the petition to vacate an arbitration award and granted respondent Tullett Prebon Financial Services, LLC's cross motion to confirm the arbitration award, unanimously affirmed, with costs.
In holding petitioners jointly and severally liable for compensatory damages, plus attorneys' fees and costs, the arbitrators did not act in manifest disregard of the law (see Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [1st Dept 2004]; Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 385 [2d Cir 2003] ["to vacate an arbitral award on the grounds of manifest disregard of the law ... we must be persuaded that the arbitrators understood but chose to disregard a clearly defined law or legal principle"]). Contrary to their contention, petitioners were not each held responsible for both a breach of contract and a tort; rather, they committed separate wrongs that resulted in a single injury (see Spector v Torenberg, 852 F Supp 201, 208-209 [SD NY 1994]). The fact that the arbitrators did not offer a more detailed explanation for the award is not a ground on which to set the award aside (id. at 390; see also Matter of Israel Aircraft Indus. [DDY-Wing Aviation], 284 AD2d 281, 281 [1st Dept 2001]).
Nor did the arbitrators improperly hold petitioner Tradition Securities and Derivatives, Inc. liable for liquidated damages. Compensatory damages was one of several types of damages specifically requested, and the fact that the award only granted compensatory damages precludes a finding that the arbitrators
awarded any other type of requested relief (see Roganti v Metropolitan Life Ins. Co., 786 F3d 201, 213-214 [2d Cir 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK